## Land Acquisition by Soil Conservation District

JOHN SULLIVAN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, July 26, 1961.— You have asked to be advised concerning the legal effect of land acquisition by a Soil Conservation District under the authority of section 9(5) of the Soil Conservation Law, the Act of May 15, 1945, P. L. 547, 3 PS §857(5), with particular respect to the following questions:

1. What liability does the district have for negligence?

2. What liability is involved in regard to local taxes?

3. What liability is involved regarding the governing body of the district, the directors?

4. What liability, if any, might devolve upon the State Soil Conservation Commission?

Since this is the first time, as you indicate, that the question of real estate ownership by a Pennsylvania soil conservation district has arisen, we have no judicial interpretations to guide us and must relate your questions to general statutory and common law.

Section 5(2) of the act provides that a soil conservation district, "upon its creation, shall constitute a public body corporate and politic exercising public powers of the Commonwealth as an agency thereof."

1. Even without this recital, it is clear that the Soil Conservation District is a creation of the General Assembly engaged in a governmental function. It is, therefore, in our opinion, an agency of the State government and, as such, partakes of the State's sovereign immunity against suit for negligence. The immunity could be waived by act of the General Assembly but this has not been done up to the present time, although we strongly recommend it in the interest of justice. We would, therefore, consider the district as immune from liability for negligence in this matter as it is in its other official undertakings.

2. The exemption of governmental property from local taxation would, in our opinion, apply to property held for flood purposes by a soil conservation district.

3. The directors of the district would have only such liabilities as they assumed by contract, and as are within the limits of authority provided for in the statutory recital of their powers and duties.

4. Since the State Soil Conservation Commission would not be a party to the contract of conveyance or have any control over the property when conveyed, its limited right of approval would not, in our opinion, create any liability beyond that of supervision now required by the statute.

In general, it would appear that the close identification of the conservation district with the Board of County Commissioners, including a reversion of all district property to the county in event of dissolution (as provided in section 12(3) (4)), indicates a legislative intention that district property be considered in the same legal status as county-owned property, subject to the same limitations and the same privileges.

We direct attention to the fact that this opinion is general in nature, because of the broad questions we are called upon to answer, and that any broad statements must necessarily be carefully reviewed in the

light of specific circumstances affecting their applicability. As such specific cases arise, we will review each on its merits.